■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILSON HERRERA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered February 28, 1984, convicting him of attempted robbery in the first degree, criminal possession of a weapon in the fourth degree and menacing, after a nonjury trial, and imposing sentence.

Judgment affirmed.

The complainant testified that the defendant held a knife to her throat and demanded money from her in the elevator of her apartment building. The defendant claimed that he had been drinking heavily and thought that the complainant had participated in robbing him sometime earlier that day, and that he was merely trying to reclaim his property. The trial court, as fact finder, was entitled to credit the complainant's testimony and reject the defendant's version of the occurrence (see, *People v Gruttola,* 43 NY2d 116, 122). The court's refusal to allow the defendant to specifically state, in conclusory language, that he was intoxicated did not deprive him of a fair trial, since he was permitted to testify that he had been drinking and the extent of such drinking, which, if believed, was sufficient to support an inference of intoxication. However, even an intoxicated person may be able to form an intent (see, *People v Cintron,* 74 AD2d 457, 462), and the court's verdict finding proof of all elements of the crimes charged was fully supported by the evidence (see, *People v Caporizzo,* 111 AD2d 929).

We have examined the defendant's other contentions, including the contention that his sentence was excessive, and

find them to be without merit. Mollen, P. J., Mangano, Gibbons and Bracken, JJ., concur.